UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
 KENNETH VARNEY,                            :
                         Plaintiff,         :
                                            :          **<u>MEMORANDUM DECISION</u>**
 v.                                         :
                                            :          13 CV 5285 (VB)
 JOANNE MANY,                               :
                         Defendant.         :
--------------------------------------------------------------x

<u>Briccetti, J.</u>:

  Plaintiff Kenneth Varney, proceeding <u>pro se</u>, brings this Section 1983 prisoner civil rights

action alleging defendant Joanne Many, a corrections counselor at Fishkill Correctional Facility

("Fishkill"), was deliberately indifferent to his medical needs and intentionally discriminated

against him as a hearing impaired inmate.

  Now pending is defendant's unopposed motion to dismiss the Second Amended

Complaint ("SAC").  (Doc. #23).  For the following reasons, the motion is GRANTED.

  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

  In deciding the pending motion, the Court accepts as true all well-pleaded factual

allegations in the SAC, and draws all reasonable inferences in plaintiff's favor.

  Plaintiff alleges he suffers from a hearing impairment.  (SAC § II-D).  On May 18, 2013,[1]

plaintiff allegedly met with defendant, his assigned corrections counselor, and requested

reasonable accommodations for his hearing impairment.  Plaintiff alleges defendant knew of his

hearing impairment, but refused to provide him accommodations.  (<u>Id</u>.).  Plaintiff allegedly never

---

[1] Plaintiff alleged in his original and amended complaint that the incident occurred on June
18, 2013.  (<u>See</u> Docs. ##2, 5).

received any accommodations for his hearing impairment while incarcerated at Fishkill, and

states as a result, he has lost his hearing entirely.  (Id. §§ II-D, III).

**DISCUSSION**

I.      Standard of Review

         In deciding a Rule 12(b)(6) motion to dismiss, the Court evaluates the sufficiency of the

operative complaint under the "two-pronged approach" announced by the Supreme Court in

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," are not

entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.

Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are

well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of

"plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully."  Id.

         Because plaintiff is proceeding pro se, the Court must construe his submissions liberally

and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks

omitted).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation marks omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.    Section 1983 Claim

To assert a viable Section 1983 claim for constitutionally inadequate medical care based on a violation of the Eighth Amendment, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To do so, plaintiff must plead facts showing (i) the alleged deprivation of medical care is objectively, sufficiently serious, and (ii) the official in question acted with a "sufficiently culpable state of mind."  Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).

Even assuming plaintiff's alleged hearing loss is sufficiently serious to satisfy the objective prong of the deliberate indifference test, the SAC does not plausibly allege defendant acted with a sufficiently culpable state of mind.

To satisfy the subjective prong of the deliberate indifference test, plaintiff must plead facts showing more than mere negligence by defendant.  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); see also Estelle v. Gamble, 429 U.S. at 105-06 (noting negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim, and emphasizing "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").  Specifically, "the deliberate indifference standard requires the plaintiff to prove that the prison official knew of and disregarded the plaintiff's serious medical needs."  Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

Plaintiff fails to plead facts indicating defendant acted with the requisite mental state to satisfy the subjective prong of the deliberate indifference test.  Plaintiff alleges defendant knew he suffered from hearing loss, yet still refused to provide accommodations.  However, to establish the second prong of the analysis, an inmate must show that the prison official knew of

3

and disregard an excessive risk to inmate health and safety.  While it is reasonable to infer defendant knew her denial would negatively affect plaintiff's daily activities, it is not reasonable to infer defendant had knowledge of, and disregarded, any substantial risk of serious harm to plaintiff's hearing.  Defendant's denial of hearing aids and other applicable accommodations did not expose plaintiff to serious risk of bodily harm, and even if it did, there is no allegation or reason to think that defendant knew of such a risk.  See e.g., Blanche v. Pirelli, 2009 WL 2499737, at *6 (S.D.N.Y. Aug. 7, 2009) (defendant's refusal to treat plaintiff's broken finger did not in itself expose plaintiff to a serious risk of bodily harm, and therefore, it was not reasonable to infer that defendant had knowledge of, and disregarded, any substantial risk of serious harm).[2]

While the Court is sympathetic to plaintiff's alleged worsening hearing, plaintiff does not allege defendant had the requisite intent necessary to state an Eighth Amendment claim. Accordingly, plaintiff has failed to plead a cognizable constitutional injury, and his Section 1983 claim must be dismissed.

III.    ADA and Rehabilitation Claims

Construing the SAC to raise the strongest arguments it suggests, plaintiff also brings claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791 et seq.

The ADA and the Rehabilitation Act "impose identical requirements," so courts analyze claims under both statutes together.  Rodriguez v. City of N.Y., 197 F.3d 611, 618 (2d Cir. 1999).  To state a claim under either statute, plaintiff must plead "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and

---

[2]     Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d. Cir. 2009).

(3) that such exclusion or discrimination was due to his disability." Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d Cir. 2003). Critically, plaintiff must allege his mistreatment "'was motivated by either discriminatory animus or ill will due to disability.'" Elbert v. N.Y. State Dep't of Corr. Servs., 751 F. Supp. 2d 590, 594-95 (S.D.N.Y. 2010) (quoting Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001)). "Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability." Id. at 595 (collecting cases).

Plaintiff fails plausibly to allege how defendant discriminated against him because of his hearing impairment. The SAC is devoid of any allegation defendant excluded plaintiff from or denied plaintiff the benefits of any services, programs, or activities because of his hearing impairment. Plaintiff merely asserts that his disability was not adequately treated, not that he was treated inadequately because of his disability. Accordingly, plaintiff fails to state a claim under the ADA or the Rehabilitation Act.

IV.   Leave to Amend

Although a district court ordinarily should not dismiss pro se claims for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999)), here, liberally construed, the SAC contains no allegations suggesting plaintiff has valid claims that he has merely "inadequately or inartfully pleaded" and therefore should "be given a chance to reframe." Id. Moreover, the SAC merely reiterates and expands upon claims the Court has already dismissed, without addressing—much less remedying—the deficiencies the Court previously cited in dismissing those claims. (See Docs. ##4, 6). Accordingly, the Court declines

5

to grant plaintiff leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962) ("repeated

failure to cure deficiencies by amendments previously allowed" grounds for denial of leave to

amend).

## CONCLUSION

Defendant's motion to dismiss the second amended complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #23), and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: April 14, 2015
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

6